Argued and submitted March 4, affirmed November 11, 1982

STATE OF OREGON,
*Respondent on review,*
*v.*
BARRY D. COCHRANE,
*Petitioner on review.*
(CA A20630, SC 28219)
653 P2d 549

David A. Hilgemann, of Schlegel, Milbank, Jarman & Hilgemann, Salem, argued the cause and filed the petition and brief for petitioner on review.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Denecke, Chief Justice,** and Lent, Linde, Peterson, Tanzer and Campbell, Justices.

TANZER, J.

** Denecke, C. J., retired June 30, 1982.

14

**TANZER, J.**

We allowed review in this case as a companion to *State v. Brock,* 294 Or 15, 653 P2d 543 (1982), and *State v. Ness,* 294 Or 8, 653 P2d 548 (1982) (both decided today), to consider issues presented by nighttime execution of search warrants in violation of ORS 133.565(3). The Court of Appeals held that the validity of the execution of the warrant was immaterial because the search was by consent. Their decision was upon undisputed evidence that when the officers arrived at defendant's home to execute the warrant, defendant was not there. The officers called defendant and arranged to have him meet the officers at the home. At about 11:10 p.m., the officers met defendant outside his home and explained their purpose. They presented the search warrant, but defendant responded "you don't need that" and "come on in." Defendant escorted the officers inside the house and then went to another room. He brought back a camera, but it was the wrong one. He got another camera which was also not the one sought. Finally, defendant gave the described camera to the officer.

The Court of Appeals' disposition of this case on the basis of a consent search is supported by the record. The issue of the lawfulness of the execution of the warrant is not material.

Affirmed.